# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> $15,186.00 IN U.S. CURRENCY, et al., <br><br> Defendants. | Case No.: 17-CV-1886 W (BGS) <br><br> **ORDER GRANTING APPLICATION FOR DEFAULT JUDGMENT [DOC. 8]** |

On September 14, 2017, Plaintiff filed this action alleging forfeiture pursuant to 21 U.S.C. § 881(a)(6). On January 12, 2018, Plaintiff obtained an entry of default. (*See Clerk's Entry of Default* [Doc. 7].) On January 16, Plaintiff applied for default judgment. (*See App. for Default Judgment* [Doc. 8].) The Court decides the matter on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons outlined below, the Court **GRANTS** the application.

//
//
//
//
//
//

1

## I. BACKGROUND

This lawsuit arises from the seizure of two parcels sent via the U.S. Postal Service by a U.S. Postal Inspector under the authority of a federal search warrant. (*Compl.* [Doc. 1].)

On November 4, 2016, a U.S. Postal Service Inspector observed a trained and certified narcotics detection dog conduct exterior examinations of two parcels. (*Compl.* [Doc. 1] ¶ 5.) The dog alerted to both packages, and the handling San Diego Police Department officer explained the meaning of the alerts to the inspector. (*Id.*) The inspector successfully applied to a U.S. Magistrate for a search warrant and searched both packages. (*Id.* [Doc. 1] ¶¶ 6–8.)

The packages in question contained $15,186.00 and $12,000 in U.S. currency, respectively. (*Compl.* [Doc. 1] ¶¶ 7–8.) A third package seized on March 13, 2017 in connection with the first two contained approximately 2,321.8 grams of "high[-]quality, expensive 'bud' marijuana, a Schedule I Controlled Substance." (*Id.* [Doc. 1] ¶ 24A.)

On September 18, 2017, a Notice of Judicial Forfeiture Proceedings and a copy of the Complaint were sent by Federal Express to Chase Cole and Kevin Cole, two potential claimants and their addresses of record. (*Smith Decl.* [Doc. 8-3] ¶ 4.) Additionally, notice of this action was posted on an official government website www.forfeiture.gov, for at least 30 consecutive days, beginning on September 17, 2017, as required by Rule G(4)(a)(iv)(c) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. (*Id.* [Doc. 8-3] ¶ 5.) No claim or answer has been filed. (*Id.*)

On January 12, 2018, Plaintiff obtained an entry of default. (*Clerk's Entry of Default* [Doc. 7].) Plaintiff filed the instant application for default judgment on January 16, 2018. (*App. for Default Judgment* [Doc. 8].)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) governs applications for default judgment. Default judgment is available as long as the plaintiff establishes that: (1) the

defendant has been served with the summons and complaint and default was entered for their failure to appear; (2) the defendant is neither a minor nor an incompetent person; (3) the defendant is not in military service or not otherwise subject to the Servicemembers Civil Relief Act; and (4) if the defendant has appeared in the action, that the defendant was provided with notice of the application for default judgment at least seven days prior to the hearing. See, e.g., 50 U.S.C. § 3931; Fed. R. Civ. P. 55; Twentieth Century Fox Film Corp. v. Streeter, 438 F. Supp. 2d 1065, 1070 (D. Ariz. 2006).

Entry of default judgment is within the trial court's discretion. See Taylor Made Golf Co. v. Carsten Sports, Ltd., 175 F.R.D. 658, 660 (S.D. Cal. 1997) (Brewster, J.) (citing Lau Ah Yew v. Dulles, 236 F.2d 415 (9th Cir. 1956)). In making this determination, the court considers the following factors: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

Upon entry of default, the factual allegations in plaintiff's complaint, except those relating to damages, are deemed admitted. See, e.g., Televideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917–18 (9th Cir. 1987) (quoting Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977)). Where the amount of damages claimed is a liquidated sum or capable of mathematical calculation, the court may enter a default judgment without a hearing. See Davis v. Fendler, 650 F.2d 1154, 1161 (9th Cir. 1981). When it is necessary for the plaintiff to prove unliquidated or punitive damages, the court may require plaintiff to file declarations or affidavits providing evidence for damages in lieu of a full evidentiary hearing. Transportes Aereos De Angola v. Jet Traders Invest. Corp., 624 F. Supp. 264, 266 (D. Del. 1985).

### III. DISCUSSION

This action is governed by Rule G(5) of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims. The rule requires the filing of a claim with the U.S. Southern District Court Clerk within 35 days after service the notice of judicial forfeiture proceedings, or within such additional time as the court may allow. Under 18 U.S.C. § 983(a)(4)(B), any person asserting an interest in the seized property must then file an answer to the forfeiture complaint "not later than 20 days after the date of the filing of the claim."

Here, on September 18, 2017, Plaintiff served a notice of forfeiture to all known potential claimants. To date, no claim or answer has been filed by any potential claimant. (*Smith Decl.* [Doc. 8-3] ¶ 5.) Based on the uncontested evidence and allegations in the Complaint, Plaintiff has satisfied the requirements of 18 U.S.C. § 983(c). Specifically, Plaintiff has established by a preponderance of the evidence that the currency was involved in a transaction or attempted transaction in violation of 21 U.S.C. § 881(a)(6). Accordingly, Plaintiff is entitled to default judgment. See Fed. R. Civ. P. 55(b)(2).

//
//
//
//
//
//
//
//
//
//
//
//
//

4

## IV. CONCLUSION & ORDER

Plaintiff's application for default judgment is **GRANTED**.

The interest of Chase Cole, Kevin Cole, and any other potential claimants in defendant $15,186.00 and $12,000.00 in U.S. currency, is hereby **ORDERED** condemned and forfeited to the United States.

**IT IS SO ORDERED.**

Dated: April 3, 2018

Hon. Thomas J. Whelan
United States District Judge